## Edward Trask *versus* Thomas N. Vinson.

A promissory note founded on the payee's agreement to convey to the promisor land belonging to a third person, is not invalid on the ground of want of consideration. If the owner of such land conveys the same to the promisor, in execution and pursuance of the payee's contract and the promisor accepts the title, the promisor cannot object, in an action upon the note, that the payee did not, at the time when the note was given, disclose his want of title to the land.

Assumpsit on two promissory notes, for 700 dollars each, dated August 7, 1835, signed by the defendant and payable to the plaintiff, one in six months and the other in one year from date, with interest.

At the trial, before *Wilde* J., it appeared that these notes, together with another note of the same date, payable in thirty days, were given by the defendant to the plaintiff, in consideration of the assignment of an interest in a supposed contract signed by William Smith. This contract was as follows : —
" Know all men by these presents, that I, William Smith, of Brooksville, in the county of Hancock and State of Maine, veoman, am held and stand firmly bound to John Hayden junior, of &c., in the sum of 5000 dollars, to be paid unto the said Hayden, his executors, administrators or assigns, to the

which payment well and truly to be made I bind myself, my heirs, executors, and administrators, firmly by these presents, sealed with my seal, dated the 24th day of July 1835. The condition of this bond or obligation is such, that if the said Smith shall on demand at any time within 90 days from the date hereof, grant, sell and convey unto the said Hayden by a good and sufficient warranty deed, with the usual covenant, free of all incumbrances, the following described lot or parcel of land lying in said Brooksville, &c., with all the slate on or beneath the surface, provided however that the said Hayden shall pay or secure to be paid, at the time of receiving the deed hereby covenanted to be given, the full and just sum of 300 dollars, now if the said Smith shall give the said deed as above agreed, on the tender of the said payment at any time within the said 90 days, then this obligation is to be void, otherwise to remain in full force and virtue." On the same paper were the following assignments : — "In consideration of 62 dollars paid me by J. F. Somers, I hereby assign one fourth of the above bond. J. Hayden." — "August 14th, 1835. I hereby assign my interest in the within bond to Edward Trask of Boston for a valuable consideration. Jon. F. Somers." — "In consideration of 200 dollars I hereby assign to Edward Trask one quarter of the within bond. J. Hayden jun. Aug. 14, 1835." — "In consideration of 1400 dollars paid me in hand, I hereby assign Thomas N. Vinson one half of the within bond. Edward Trask, by Samuel Pierce his attorney. Boston, 27th August, 1835."

It was admitted that Smith never had any title to the land agreed to be conveyed, and there was evidence tending to show that Pierce knew this fact at the time when the assignment to the defendant was made and the notes were given.

The plaintiff called Pierce as a witness. He testified that in August, 1835, he agreed with the plaintiff to go to the State of Maine and speculate in Maine lands. The plaintiff was to pay his expenses and furnish the funds, and the witness and the plaintiff were to share the profits equally. In pursuance of this agreement he went to Bangor and took the assignment to the plaintiff.

It was here objected that the witness was interested, and

thereupon he said that he had made a settlement with the plaintiff; and the plaintiff produced a receipt signed by Peirce, dated January 1, 1836, for 575 dollars, " in full for my interest in the profits of the parts sold, of the Brooksville slate quarry, and purchased by Thomas N. Vinson of Boston." The defendant still objected to the witness as interested, but he was admitted to testify.

The witness then testified, that he took the notes, and made the assignment to the defendant; that he did so in the absence of the plaintiff, and without any communication with him; that he did not know at that time that Smith was not the owner of the land; that he afterwards learned that Smith did not own it, but that Joseph Smith, his father, was the owner; that he believed some change in the contract was made between Joseph Smith and the defendant, as to the quantity of land, and the witness afterwards assented to it in behalf of the plaintiff, whom he represented as still retaining an interest in the contract; that the result was, that a deed was given by Joseph Smith, and the witness believed it was given in consequence of and in pursuance of the contract of William Smith, and he stated some facts going to show that this belief was well founded.

The defendant contended that the notes were void, because Peirce knew at the time when the assignment was made, that William Smith had no title, and did not communicate this fact to the defendant. And the jury were instructed, that if they believed Peirce did know this fact, and did not communicate it to the defendant, this was such a suppression of a material fact, as would avoid the notes; but that if they believed Peirce himself, then there was no defence made out on this ground.

The defendant also contended, that the contract assigned did not form a valuable consideration for the notes, because it was not binding upon William Smith, the signer of it, not being under seal, and no consideration for his contract appearing; and also, that if it was valid as a contract, still as William Smith had no title to the land, it did not form a valuable consideration for the notes. But the jury were instructed, that as the notes purported to be for value received, the bur-

Trask
v.
Vinson.

den of proof was upon the defendant to show that no consid·
eration passed to William Smith ; and that unless the defend·
ant had satisfied them that there was no consideration, they
should find William Smith's contract to be valid and binding
on him ; that if it was valid and binding on William Smith,
then the assignment made by Peirce to the defendant was a
valuable consideration for the notes, although William Smith
had no title to the land, because the defendant might have an
action against William Smith for the damages, and recover the
difference between the value of the land and the price he
was to pay for it.

The jury were further instructed, that if the contract were
not valid and binding on William Smith, and if he had no title
to the land, still if Joseph Smith afterwards made a convey-
ance to the defendant, on his producing the bond or contract
and assignment, in execution of the bond and in recognition
and in consequence of it, then the assignment was a valuable
consideration for the notes, and if there was no fraud, they
should find for the plaintiff.　　But that if the defendant, for an
independent consideration, and without reference to the con-
tract and assignment, bought the land of Joseph Smith, then
the consideration failed.

The jury returned a verdict for the plaintiff; whereupon
the defendant moved for a new trial.

*March* 14*th.*　　*C. P. Curtis* and *B. R. Curtis*, for the defendant, insisted
that Peirce was interested and therefore incompetent to testi-
fy ; that there was no sufficient consideration for the notes,
for one of the writings signed by William Smith was a mere
offer to convey and not a contract, it not being under seal and
no consideration having been paid by the obligee ; *Cooke v.
Oxley*, 3 T. R. 653 ; that if the writing was a contract bind-
ing on Smith, still the assignment of a part of it was not a
valid consideration for the notes, for if the defendant could
maintain an action against Smith for damages, which was
doubtful, the damages must be restricted by the sum of 5000
dollars, named in the writing either as a penalty or as liquidat-
ed damages, although the value of the land should exceed that
sum, and probably, if there was no fraud, he would be allowed
to recover only the expense of examining the title and nomin·

al damages ; *Walker* v. *Moore*, 10 Barn. & Cressw. 416 ; that the defendant however intended to contract for the land itself, not for a lawsuit, and if Smith had no title it was no answer to say that the defendant might recover damages ; *Dickinson* v. *Hall*, 14 Pick. 220 ; *Rice* v. *Goddard*, 14 Pick. 293 ; *Chandler* v. *Marsh*, 3 Vermont R. 161 ; *Tillotson* v. *Grapes*, 4 New Hampsh. R. 445 ; and that the execution of a conveyance by Joseph Smith to the defendant could not be regarded as a recognition or ratification, for the supposed contract of William Smith being no contract, there could be no ratification.

*Choate* and *Crowninshield*, for the plaintiff, cited *Taylor* v. *Hare*, 4 Bos. & Pul. 260 ; *Holden* v. *Curtis*, 2 New Hampsh. R. 65 ; *Seaman* v. *Price*, 2 Bingh. 437.

MORTON J. delivered the opinion of the Court. The payment of the promissory notes in suit is resisted, on the ground that they were made without consideration.

The plaintiff holding by several assignments a contract for the conveyance of certain real estate in Maine, transferred the same to the defendant, and in satisfaction received three prom issory notes, two of which are the subject of this suit. The defendant's counsel contend that the original contract was not valid, and therefore is not a sufficient consideration to support an express promise. This contract is in the form of a bond, and doubtless when written was intended to be sealed. But no seal having been affixed, it is merely a simple contract in writing. As such it is binding upon the parties. It was signed by William Smith, and the condition is, " that he shall on demand, at any time within ninety days, grant, sell and convey, by a good and sufficient warranty deed, with the usual covenants, a certain tract of land therein described."

W. Smith having no title to the land, it was insisted that he could not convey it, and therefore the contract itself was invalid and formed no legal consideration for the notes. It was executory and contained no stipulation that the contractor was then seised of the estate. We know of no rule of law or principle of sound policy, which prohibit a person from agreeing or covenanting to convey an estate not his own. He might have authority from the owner to sell, or he might have the

*Trask*
*v.*
*Vinson.*

*March 26th*

refusal of the estate, or he might rely upon his ability to purchase it in season to execute his contract. If he fairly performs the terms of the stipulation, it matters nothing to the purchaser that the title was acquired after the contract. If he fails to execute it, the remedy upon the covenants or stipulations will afford an adequate indemnity.

The defendant's counsel argues, that if the contractor fails to convey according to the terms of his agreement, this will be a failure of the consideration of the notes. In support of the argument he relies upon the cases of *Dickinson* v. *Hall*, 14 Pick. 217, and *Rice* v. *Goddard*, 14 Pick. 293. There it was holden, that where the consideration of a note was the conveyance of property, real or personal, and the title failed, so that nothing passed by the conveyance, the note was *nudum pactum*. Those cases were well considered, and are founded on sound principles and supported by an irresistible current of authorities. With the exception of a few *obiter dicta* in our own reports, and the case of *Lloyd* v. *Jewell*, in Maine, 1 Greenl. 352, scarcely a dictum to the contrary can be found, while there is a remarkable coincidence in all the other American and English decisions upon the subject.

But those cases are unlike the present. There the real consideration, the moving cause of the promise to pay, was the *estate actually* conveyed ; here it is *an agreement* to convey, at a future time, and upon the happening of a future event. That was an *executed*, this an *executory* contract.

The rule of damages too would be different in the two cases. There the rule of damages would be the exact amount of the consideration paid ; here it would be the value of the estate at the time it was to be conveyed. There, if the promisor was holden to pay his note, he might recover for the breach of the covenant of seisin precisely the same sum. Here the damages recoverable on the stipulation or covenant might be more or less than the amount paid or received. We can therefore perceive no objection to the validity of the contract, and no reason to doubt the correctness of the instruction that it formed a legal consideration for the notes.

Whether the contractor would be bound to disclose his

want of title or whether the omission to do so would be such a *suppressio veri* as would render the contract voidable, are questions which we are not now required to decide. The contract was in fact executed, and so it was immaterial whether it might have been avoided or not. The jury have found that the estate was conveyed in pursuance of and conformably to the terms of the agreement.

The plaintiff agreed to pay a certain sum for the conveyance of a certain estate. He gave his undertaking to pay the price and took in return a contract to make the conveyance. The estate has accordingly been conveyed. He has accepted the title. He holds the estate, and there can be no reason why he should not be holden to pay the stipulated price.

The case of *Seaman* v. *Price*, 2 Bingh. 437, in principle resembles, but is stronger than the present. The plaintiff made a parol contract to purchase a house ; which of course was not legally binding. He for a consideration which the defendant promised to pay, assigned the contract to him. The house, by the plaintiff's request, was conveyed to a person named by the defendant. The defendant resisted the payment of the promised consideration, on the ground that the original contract to convey was void by the statute of frauds, and so the transfer of it to the defendant could form no legal consideration for the promise. But the court overruled the objection ; and *Best* C. J. said : " Beyond all question the defendant has had the opportunity of becoming the purchaser, the premises having been conveyed to his nominee ; and though there was no legal obligation to convey, yet the defendant has, in fact, enjoyed all the advantages of this agreement, and that forms a moral obligation sufficient to support the promise."

The ground upon which the above decision has been made, renders Peirce's testimony immaterial, and shows that he had no such interest in the trial as ought to have excluded him.

*Judgment on the verdict.*